United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELISSA MEYER,

        Plaintiff,

      v.

LAW OFFICES OF PAUL R. STASSINOS,

        Defendant.
_____/

No. C-10-2244 EMC

**ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE**

Plaintiff Melissa Meyer has filed suit against Defendant the Law Offices of Paul R. Stassinos for violation of the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). *See* Cal. Civ. Code § 1788 *et seq.* Currently pending before the Court is Ms. Meyer's motion for default judgment. Having considered the papers submitted, the Court hereby orders that Ms. Meyer provide additional information in support of her motion.

A.    <u>Service of Process</u>

        In the instant case, Ms. Meyer claims to have served the Law Offices by substituted service. *See* Docket No. 5 (proof of service). Under California law, substituted service is permitted. California Code of Civil Procedure § 415.20(b) provides:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or

> a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, *and by thereafter mailing a copy of the summons and of the complaint by first-class mail*, *postage prepaid to the person to be served* at the place where a copy of the summons and complaint were left. . . .

Cal. Code Civ. Proc. § 415.20(b) (emphasis added). As indicated by the language of the statute, substituted service requires that a copy of the summons and complaint be left with an individual and then that a copy of the same to be mailed thereafter to the person to be served. In the instant case, the proof of service provided by Ms. Meyer does not indicate that there was any mailing.

Accordingly, the Court orders Ms. Meyer to provide evidence establishing that a copy of the summons and complaint were mailed to the Law Offices in compliance with § 415.20(b) – or more specifically, to Paul R. Stassinos as it appears to be Ms. Meyer's contention that the Law Offices are a sole proprietorship. *Cf. Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th 1426, 1436 (1994) (explaining that, to serve a corporate defendant by mail, a plaintiff must mail the summons to a *person* to be served on behalf of the corporation, and not the corporate defendant itself).

B.  Statute of Limitations and Evidence of Violation

Both the FDCPA and the RFDCPA have a one-year statute of limitations. *See* 15 U.S.C. § 1692k(d) (providing that "[a]n action to enforce any liability created by this title [15 U.S.C. § 1692 *et seq.*] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs"); Cal. Civ. Code § 1788.30(f) (providing that "[a]ny action under this section may be brought in any appropriate court of competent jurisdiction in an individual capacity only, within one year from the date of the occurrence of the violation"). In the instant case, Ms. Meyer has alleged in her complaint that, "within the one year preceding the filing of this complaint, [the Law Offices] contacted [her] in an attempt to collect an alleged outstanding debt" and that its "conduct violated the FDCPA and the RFDCPA in multiple ways." Compl. ¶ 5. However, the specific examples provided by Ms. Meyer either took place more than one year before the filing of the complaint, *see e.g.*, *id.* ¶ 5(b) (referring to a letter received from the Law Offices in May 2008), or fail to establish that the conduct did take place within the one year before the filing of the

2

complaint. *See, e.g.*, *id.* ¶¶ 5(a)-(c) (alleging that the Law Offices reported a false amount on her credit report and that the Law Offices demanded four times the original amount requested of Ms. Meyer).

Accordingly, the Court orders Ms. Meyer to: (1) identify the conduct by the Law Offices that allegedly violated the FDCPA and RFDCPA; (2) identify the date that that conduct took place; and (3) provide evidence establishing that the Law Offices (a) did engage in that conduct (b) on the date specified. *See* Fed. R. Civ. P. 55(b)(2) (providing that a court may conduct hearings or make referrals when, to enter or effectuate judgment, it needs to, *e.g.*, "determine the amount of damages," "establish the truth of any allegation by evidence." or "investigate any other matter"). If Ms. Meyer knows what the alleged debt was for, she should so state in her supplemental papers.

C.   Statutory Damages and Penalties

Under the FDCPA, a party who has violated the Act may be assessed not only actual damages but also statutory damages "not exceeding $1,000." 15 U.S.C. § 1692k(a)(1)-(2). Similarly, under the RFDCPA, a party who has violated the Act may be assessed actual damages and – where there has been a willful and knowing violation – a penalty not less than $100 and not greater than $1,000. *See* Cal. Civ. Code § 1788.30(a)-(b). In the instant case, Ms. Meyers does not claim to have suffered any actual damages, but she does ask to be awarded statutory damages in the amount of $1,000 under the FDCPA and a penalty in the amount of $1,000 under the RFDCPA. *See id.* § 1788.32 (providing that the RFDCPA remedies "are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law"). Ms. Meyers, however, has not provided any briefing and/or evidence to establish that she should be awarded the highest statutory damages award and/or penalty. *See, e.g.*, 15 U.S.C. § 1692k(b)(1) (providing that, "[i]n determining the amount of liability . . . , the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional"). Moreover, she has not provided any evidence to establish that the Law Offices willfully and knowingly violated the RFDCPA, which is required before a penalty may be assessed.

The Court therefore orders Ms. Meyers to provide evidence that (1) she is entitled to the maximum statutory damages award and/or penalty and that (2) the Law Offices willfully and knowingly violated the RFDCPA.

D.   Attorney's Fees

Although the Court appreciates that Ms. Meyers is not asking for a fee award for all of the time incurred by her counsel, the Court advises her counsel that it should review the billing records for accuracy. It appears that counsel has included billing for administrative work,[1] may have billed for work not actually conducted,[2] and may have billed excessively.[3]

Finally, the Court orders Ms. Meyer to provide briefing as to whether it is appropriate to include as part of any fee award anticipated collection fees and costs.

Within three days of the date of this order, Ms. Meyer shall serve a copy of this order on the Law Offices. A proof of service shall be filed with the Court on the date of service.

In addition, within a week of the date of this order, Ms. Meyer shall file with the Court, and serve on the Law Offices, all supplemental information requested by the Court . Again, a proof of service shall be filed with the Court on the date of service.

IT IS SO ORDERED.

Dated: November 2, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[1] For example, the time entry for June 1, 2010, reflects that time was incurred for sending the complaint to the process server.

[2] For example, the time entry for September 8, 2010, refers to a meet and confer with the Law Offices. Also, the time entry for October 28, 2010 refers to Local Rules that do not exist in this District.

[3] For example, the time entry for August 24, 2010, reflects that 12 minutes was spent on performing an e-filing (which is also an administrative act).

4